IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANTI MARI KENNEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| INTRASPECTRUM COUNSELING, LTD., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Shanti Mari Kennedy ("Plaintiff" or "Kennedy"), by and through her undersigned attorney, Josh M. Friedman, complains against the Defendant, Intraspectrum Counseling, Ltd. ("Defendant"), as follows:

**INTRODUCTION**

1. This is an action against Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*, arising out of Plaintiff's employment with Defendant and her discharge by Defendant.

**PARTIES**

2. Plaintiff is a female individual. Plaintiff is a citizen of the United States of America, and she is entitled to all the rights, privileges and immunities guaranteed to all citizens of the United States under the Constitution and Laws of the United States.

3. Defendant is an Illinois corporation located in this judicial district. Upon information and belief, at all times relevant hereto, Defendant employed in excess of 15 employees. Defendant is therefore an employer for purposes of Title VII.

## JURISDICTION AND VENUE

4. This action arises under federal law, and jurisdiction in this Court is therefore proper under 28 U.S.C. § 1331.

5. Venue is proper pursuant to 28 U.S.C. § 1391 as this is the judicial district where the unlawful employment practices alleged herein occurred.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about August 22, 2021, Charge No. 440-2021-04397, claiming that she had been discriminated and retaliated against because of her sex, female.

7. The U.S. Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue to Plaintiff on July 8, 2022. Plaintiff filed this action within 90 days of her receipt of that Notice. (A copy of the Right to Sue Notice is attached hereto and incorporated herein by reference as Exhibit A.)

8. Plaintiff has exhausted her administrative remedies and has standing to file this action against Defendant.

9. Plaintiff began her employment with Defendant on or about March 15, 2009. She was hired by Defendant to serve as its billing coordinator.

10. At all times relevant hereto, Plaintiff performed her work satisfactorily.

11. In or around the spring of 2021, Plaintiff began experiencing a pattern of verbal abuse directed at her by her supervisor, Benjamin Sauer, Defendant's chief administrative officer.

12. This abuse included, but was not limited to, name calling, the use of profanity, yelling, false accusations, threats of termination, and other harassing conduct. This conduct was offensive and extremely upsetting to Plaintiff, was severe and pervasive, and interfered with Plaintiff's ability to perform her job effectively.

13. Plaintiff observed that Sauer's conduct appeared to be directed at female employees, not male employees. Accordingly, she inquired of several of her male co-employees whether Sauer engaged in similar harassing conduct toward them, and they stated that he did not.

14. Accordingly, on or about May 14, 2021, Plaintiff complained to the company's owner and president, Jamie Gayle, about Sauer's conduct. She complained that Sauer was verbally abusive to her and other female employees, and that he did not engage in similar behavior with male employees.

15. Plaintiff then complained again about Sauer to Gayle about Sauer's abuse on or about May 21, 2021. In an email sent by Gayle to Plaintiff on or

about May 27, 2021, recounting their conversation from May 21, Gayle acknowledged that Plaintiff stated that she felt unsafe and threatened by Sauer, that Sauer used profanity and the term "terminable offense," and that Plaintiff had complained that Sauer created a hostile environment.

16. In an email to Sauer dated May 26, 2021, Plaintiff complained that Sauer's conduct was discriminatory and created a hostile work environment.

17. On May 28, 2021, Plaintiff received a letter from Sauer entitled "termination" advising her that she was fired immediately. The letter also falsely stated that the reason for her discharge was because of fraudulent billing practices.

18. This contention was false, as Plaijtiff had never engaged in any such practices, she had never been warned about any such practices, she followed the billing practices that she had been instructed to do by Defendant's management, and, upon information and belief, Defendant is still following the same billing practices that it allegedly fired Plaintiff for.

19. Defendant discriminated against Plaintiff on the basis of her sex, female, in violation of Title VII by permitting Sauer to engage in severe and pervasive harassment directed at Plaintiff and other female employees without taking any remedial action, and by firing Plaintiff because of her sex and because she complained about unlawful sex harassment and discrimination.

20. As a direct and proximate result of the discriminatory practices alleged herein, Plaintiff has suffered lost compensation and other monetary

benefits, severe emotional and psychological distress, and other forms of damage to be proven at trial.

**WHEREFORE**, Plaintiff prays for the following relief:

    (a) Trial by Jury on the charges raised in her Complaint, and those investigated with the EEOC and advancement on the Court's docket for a speedy hearing;

    (b) That a declaratory judgment be issued that Plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and in violation of the acts cited;

    (c) This the Court permanently enjoin Defendant, its agents, successors, officers, employees and attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

    (d) That Plaintiff have and recover from the Defendant back wages and lost benefits with interest, pre and post judgment interest, front pay, compensatory and punitive damages for emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses for Defendant's conduct and for any other damages to which Plaintiff may be entitled under federal law;

    (e) That Plaintiff be awarded her costs and disbursements of this action, including reasonable attorney's fees, pursuant to the Civil Rights Attorneys Fee Award Act of 1976, 42 U.S.C. § 1988 and any other attorney fee statutes; and

    (f) Grant such other relief as the Court deems just and proper.

5

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                                      Respectfully Submitted,

                                      SHANTI MARI KENNEDY


                                      By /s/Josh Friedman
                                      Her attorney


JOSH M. FRIEDMAN
Law Offices of Josh M. Friedman
1759 N. Hoyne Ave.
Chicago, IL 60647
(312) 886-0277
josh@friedmanfirm.com
A.R.D.C. No. 6220313